■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL SERRIA, JR., Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered April 2, 1982, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree. On February 11, 1982, defendant was indicted for the crime of promoting prison contraband in the first degree. On request, he was assigned counsel on February 19, 1982 and the case adjourned until March 12, 1982. Thereafter, on March 3, 1982, defendant was returned to court without any prior notice and advised that he had to enter a plea and, if the plea was not guilty, he would be required to start trial that morning. Defendant entered a plea of not guilty and told the court he was not ready for trial since he supposed he had until March 12, 1982. The court, nevertheless, ordered the trial to start. Before the start of trial, however, defendant's attorney informed the court that defendant was willing to plead guilty to the crime of attempted promoting prison contraband in the first degree. Defendant did so, and, after being found

to be a second felony offender, received the minimum indeterminate term for a class E felony of not less than one and one-half years nor more than three years. This appeal ensued. Defendant contends, in substance, that he was denied due process since his plea of guilty was obtained by being forced to trial without prior notice. We disagree and, therefore, affirm. The record reveals that defendant wanted to call four witnesses, all inmates of the Elmira Correctional Facility. The trial court advised defendant that arrangements were made to have the four witnesses in court during that afternoon. Furthermore, there was also an extensive colloquy between defendant and the trial court at the time defendant entered his plea of guilty. At that time and in response to the court, defendant stated he understood that by pleading guilty he waived a jury trial and admitted that he committed the crime of attempted promoting prison contraband in the first degree. By his plea of guilty, any nonjurisdictional impropriety that may have occurred was waived (see *People v Rodriguez*, 55 NY2d 776). Judgment affirmed. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.